IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00672-RJC
(3:04-cr-00162-FDW-1)

| | | |
|---|---|---|
| WINSTON DARIN POYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Rule 60(b) motion for relief from the Order denying his motion in which he challenged the dismissal of his § 2255 motion to vacate his sentence. See FED. R. CIV. P. 60(b)(6). The Court finds that the motion is in fact an unauthorized, successive § 2255 motion to vacate and it will be dismissed on that basis.[1]

## I.   BACKGROUND

On September 24, 2009, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute, and the distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); and one count of knowingly using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Four). During his sentencing hearing, the Court found

---

[1] District courts are bound to "classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (internal citation omitted). Because Petitioner is challenging the legality of his sentence, the Court finds that the motion is properly considered under the provisions of § 2255(a).

that Petitioner qualified as a career offender pursuant to § 4B1.1 of the <u>U.S. Sentencing</u> <u>Guidelines Manual</u> based on two or more drug trafficking convictions. Petitioner was sentenced below his Guidelines range to a term of 160-months' imprisonment and he did not appeal.

On or about May 21, 2012, Petitioner filed a pro se § 2255 motion to vacate in which he raised claims of ineffective assistance of counsel and a claim that his prior drug trafficking convictions were no longer qualifying, predicate offenses to support his designation as a career offender. (3:12-cv-00323-FDW, Doc. No. 1: Motion to Vacate; Doc. No. 2: Addendum to Motion to Vacate). The Government filed a response in opposition to Petitioner's claims for collateral relief, and after considering the record and the parties' written submissions, the Court found that Petitioner's claims were without merit and the § 2255 motion, as supplemented, was dismissed and the Court declined to issue a certificate of appealability. (<u>Id.</u>, Doc. No. 14: Order, filed April 21, 2015).

On October 1, 2015, the Clerk docketed a pro se motion in which Petitioner again challenged his designation as a career offender raising, among other arguments, a contention that his trial counsel was ineffective by failing to contest his career offender status. (<u>Id.</u>, Doc. No. 16). The Court denied all of Petitioner's claims as being without merit. (<u>Id.</u>, Doc. No. 17).

Some three and a half months after the Court denied the motion, Petitioner filed a notice of appeal that was dated January 12, 2016. (<u>Id.</u>, Doc. No. 19). On January 15, 2016, Petitioner filed a pro se motion for reconsideration in which he renewed his challenge to his designation as a career offender. (<u>Id.</u>, Doc. No. 21). On April 1, 2016, the Fourth Circuit dismissed the appeal citing lack of jurisdiction based on the fact that the appeal was untimely, and because Petitioner failed to petition this Court for an extension of time in which to file his appeal. <u>See</u> <u>United States</u>

v. Poyer, 643 Fed. App'x 253 (4th Cir. 2016).

On or about September 9, 2016, Petitioner filed a motion to set aside the order and judgment dismissing his § 2255 motion to vacate, (Doc. No. 28), contending that he did not receive timely notice of the order of dismissal that was entered on April 21, 2015. (Id., Doc. Nos. 14, 15).

In the present motion for collateral relief, Petitioner once again contends that he was erroneously designated as a career offender and he renews his claim that his trial counsel was ineffective in failing to raise this challenge before he was sentenced. (3:16-cv-00672, Doc. No. 1).

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a  whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral
review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to file a second, successive motion for collateral relief. Accordingly, this Court is without jurisdiction to consider his claim for collateral relief and this action will therefore be dismissed. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); Winestock, 340 F.3d at 205.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 1).

2. Petitioner's pro se Motions for Reconsideration and for Extension of Time to File a Notice of Appeal are **DENIED**. (3:12-cv-00323-FDW, Doc. Nos. 21, 28).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: September 20, 2016

Frank D. Whitney
Chief United States District Judge