UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:04-cr-00162-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | AMENDED |
| (1) WINSTON DARIN POYER, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant Winston Darin Poyer's Motion to Reduce Sentence under the First Step Act of 2018. (Doc. Nos. 100, 103). Having carefully reviewed the motions, the parties' briefs, and all relevant portions of the record, the Court, in its *discretion*, will **grant in part** Defendant's motion and reduce his aggregate sentence to **one hundred and seventy-five (175) months** and reduce his supervised release term to **four (4) years**. This Order, upon its signing, vacates the Court's previous Order (Doc. No. 109).

I.  **BACKGROUND**

In early February of 2004, Defendant and his companion Charles Jackson sold 125 grams of powder cocaine to an undercover officer in exchange for $3,000. (Doc. No. 61 at ¶¶ 6–8). Two weeks later, police executed a search warrant at Defendant's home and found four loaded firearms, 119 grams of crack cocaine, 250 grams of powder cocaine, and more than $31,000 in cash, along with scales, plastic bags, and a cocaine cutting agent. (Doc. No. 61 ¶ 9).

A federal grand jury indicted Defendant and Jackson, charging them with conspiracy to possess with intent to distribute powder cocaine and at least 50 grams of crack cocaine, 21 U.S.C. § 846. Id., (Doc. No. 1 at 1). Defendant and Jackson were also charged with two substantive drug-trafficking offenses, one involving powder cocaine and at least 50 grams of crack cocaine and the

1

other involving powder cocaine. Id., (Doc. No. 1 at 1–2). Finally, Defendant was charged with possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). Id., (Doc. No. 1 at 2–3).

The United States filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced penalty based on Defendant's prior convictions for felony drug offenses. (Doc. No. 2). Defendant entered into a plea agreement with the United States, agreeing to plead guilty to the conspiracy and section 924(c) firearm offenses, in exchange for which the United States agreed to dismiss the remaining counts against Defendant and to partially withdraw its section 851 notice, relying on only one of Defendant's prior felony drug offenses. (Doc. No. 42 at ¶¶ 1–2, 4).

This Court's probation office submitted a presentence report and calculated a base offense level of 30 based on Defendant's responsibility for 119 grams of crack cocaine and 363 grams of powder cocaine. (Doc. No. 61 at ¶ 18). Based on Defendant's four prior drug-trafficking convictions and a prior conviction for robbery with a dangerous weapon, the probation officer classified Defendant as a career offender, subject to an adjusted offense level of 37 and a total offense level of 34. (Doc. No. 61 at ¶¶ 24, 26). The probation office calculated a preliminary Sentencing Guidelines range of between 262 and 327 months in prison for Defendant's drug-trafficking offense, based on a total offense level of 34 and a criminal-history category of VI. (Doc. No. 61 at ¶ 79). Defendant also faced a statutory mandatory-minimum term of life in prison for the drug-trafficking offense, increasing the Sentencing Guidelines term to life in prison. (Doc. No. 61 at ¶¶ 78–79); U.S.S.G. § 5G1.1(b). Defendant also faced a mandatory consecutive sentence of 60 months in prison for his section 924(c) firearm offense. (Doc. No. 61 at ¶¶ 78–79).

2

This Court sentenced Defendant to 160 months in prison for the drug-trafficking offense and to a consecutive term of 60 months in prison for the section 924(c) firearm offense, for an aggregate sentence of 220 months in prison, at 61% of the low end of the range advised by the Sentencing Guidelines. (Doc. No. 67 at 2); (Doc. No. 106 at 1). This Court emphasized Defendant's offense conduct, noting that he actively possessed firearms and engaged in drug trafficking — a "very dangerous combination of ingredients that leads to violence" and "something the Court strongly hope[d] to deter." (Doc. No. 71 at 28). This Court also explained that while Defendant's cooperation with the United States mitigated in Defendant's favor, also had "a long criminal history" involving "serious criminal conduct." Id. Defendant now asks this Court to reduce his sentence under the First Step Act.

## II.   DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

In his Motion, Defendant states he is eligible for a reduced sentence because he was convicted of a "covered offense" as defined in the Act. (Doc No. 103, p. 4). Defendant also states that if a person is eligible, the court must exercise its discretion to determine whether to reduce the defendant's sentence and, if so, by how much. Id. Finally, Defendant argues that should a defendant be eligible, the Court *must* consider the Section 3553(a) factors, including the applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. Id.

Defendant's Motion for Resentencing seeks relief under Section 404 of the First Step Act. Id. Section 404 gave retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See First Step Act, Pub. L. No. 115- 391, § 402(a), 132 Stat. 5194, 5221 (2018). Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered

3

offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222.

The Fourth Circuit explained in United States v. Wirsing that this definition of "covered offense" means that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) . . . are eligible" for a sentence reduction under section 404 of the First Step Act, unless they have already moved for relief under section 404 or they received the benefit of the Fair Sentencing Act when they were sentenced. 943 F.3d 175, 186 (4th Cir. 2019); see also Section 404(c) of the First Step Act, 132 Stat. at 5222. The Fourth Circuit held in United States v. Woodson that a defendant convicted under the default punishment provision of 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute crack cocaine has also been convicted of a "covered offense," because by increasing the drug-quantity thresholds of section 841(b)(1)(A)(iii) and (B)(iii), the Fair Sentencing Act also altered the default drug quantity that would place a defendant's offense in section 841(b)(1)(C) by increasing the drug-quantity threshold for that section. 962 F.3d 812, 816 (4th Cir. 2020).

Taken together, Wirsing and Woodson mean that any defendant convicted of a crack cocaine offense punishable by 21 U.S.C. § 841(b)(1) before the effective date of the Fair Sentencing Act is eligible for a sentence reduction under the First Step Act, unless he has already sought and been denied such a reduction or he received the benefit of the Fair Sentencing Act when he was originally sentenced. Finally, in United States v. Gravatt, this Court held the defendant, who pleaded guilty to participating in a conspiracy to possess with intent to distribute both *crack* and *powder cocaine*, was convicted of a "covered offense" under the First Step Act,

4

even though the quantity of powder cocaine involved in the offense would have independently supported the defendant's statutory range and sentence. 953 F.3d 258, 263–64 (4th Cir. 2020). This Court explained that because Gravatt's offense would be a "covered offense"—if it had involved only crack cocaine—the fact that it also involved powder cocaine did not remove it from the purview of the First Step Act. Id.

Defendant is eligible for a *discretionary* reduction of his sentence under the First Step Act, because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence. He pleaded guilty to possessing with intent to distribute both crack and powder cocaine, and Wirsing and Gravatt make clear that his conspiracy offense is a "covered offense" under section 404(a) of the First Step Act.

The United States agrees that this Court should exercise its discretion to reduce Defendant's sentence but argues that this Court should limit the reduction in Defendant's aggregate custodial sentence to 175 months in prison. Had the Fair Sentencing Act had been in effect when Defendant committed his offense, the Sentencing Guidelines would have advised a sentence of between 262 and 327 months in prison for that offense because the statutory range applicable to Defendant's drug-trafficking offense would have been reduced to 5 to 40 years in prison and that range carries an adjusted offense level of 34, instead of 37, under the career offender guideline. See (Doc. No. 106 at 2); U.S.S.G. § 4B1.1(b)(2). Since this Court granted the United States' motion for a downward departure and sentenced Defendant to a sentence at 61% of the low end of the range advised by the Sentencing Guidelines, the United States consents to a reduction in Defendant's aggregate custodial sentence to 175 months in prison — 61% of the low end of the range advised by the Sentencing Guidelines. Because the lowering of the

5

statutory range also affects the supervised-release term, the United States also consents to a reduction in Defendant's supervised-release term to 4 years.

*Assuming without deciding*, the Defendant's guideline range should be calculated without the career-offender enhancement as suggested under Chambers and Norman, before reducing his sentence this Court must consider whether release or further reduction is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). In this case, the Court denies the request for time served because it is not warranted under the § 3553(a) factors.

Defendant has a long criminal history which includes five drug-trafficking convictions, including the conviction in this case, two convictions for robbery with a dangerous weapon, two convictions for assault with a deadly weapon, and one conviction for breaking and entering, among others. (Doc. No. 61 at ¶¶ 34–47). Defendant has received and served lengthy terms of imprisonment. (Doc. No. 61 at ¶¶ 35, 41–42, 44, 46–47). Additionally, after being paroled after only one year into a 10-year prison sentence, Defendant violated the terms of his parole, and his parole was revoked. (Doc. No. 61 ¶ 46).

In addition to Defendant's history and characteristics, the nature and circumstances of his offense conduct weigh against a time-served sentence. Although he had been convicted of

numerous felony offenses and had been released from prison less than two years earlier, Defendant was selling large quantities of crack cocaine and possessed four loaded firearms when police searched his home in February of 2004. This combination of drug-trafficking and firearms is especially dangerous. Due to Defendant's extraordinary recidivism, the need to protect the public from further offenses committed by him, and the need to deter similar criminal misconduct weighs against the extraordinary sentence reduction Defendant requests. Based on all of the section 3553(a) sentencing factors, this Court denies Defendant's request for a reduced sentence of time served. Thus, Defendant's immediate release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED Defendant Winston Darin Poyer's Motion for Sentence Reduction under the First Step Act (Doc. No. 100, 103) is **GRANTED IN PART** and **DENIED IN PART**. The Court, in its *discretion*, will grant in part Defendant's motion and reduce his aggregate sentence to **one hundred and seventy-five (175) months** and reduce his supervised release term to **four (4) years**. This Order, upon its signing, vacates the Court's previous Order (Doc. No. 109).

IT IS SO ORDERED.

Signed: February 12, 2021

Frank D. Whitney
United States District Judge